In the Matter of the Estate of ANASTASIA FITZGERALD, Deceased.

ANNA L. REED, Individually and as One of the Executors, etc., of ANASTASIA FITZGERALD, Deceased, Appellant; JOSEPH FITZGERALD and Others, Respondents.

Fourth Department, June 29, 1926.

**Wills — construction — proceeding for sale of specific real estate to pay legacy — all real estate was charged with annuity — direction to executors to sell was discretionary — sale denied.**

A specific parcel of real property of the testatrix will not be sold to pay a legacy, since it appears that under the will all of the real property was directly charged with the payment of an annuity and that a provision authorizing the executors to convey and sell the real estate and to invest and reinvest any of the property was discretionary merely, and cannot be construed as overriding the provision that the annuity should be a lien upon all of the real property.

APPEAL by Anna L. Reed, individually and as one of the executors of Anastasia Fitzgerald, from a decree of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 29th day of April, 1925, requiring the executors of the estate to sell certain real property to pay debts and legacies.

*Kimball & Smith* [*Clayton M. Smith* of counsel], for the appellant.

*Edward E. Lewis* [*Irving W. Cole* with him on the brief], for the respondent Joseph Fitzgerald.

*Norton Bros.*, for the respondent Herbert F. J. Norton, one of the executors.

*George H. Kennedy*, for the respondents Maurice O'Shea and another.

PER CURIAM. The will of Anastasia Fitzgerald, after directing the payment of her debts, contained the following provisions: Five thousand dollars was bequeathed to Joseph Fitzgerald, husband of the testatrix; after another specific bequest and a devise of certain real estate to a foster child, Edith Agnes Allard, an annuity of $150 per month was willed to testator's sister, Anna L. Reed, "to be paid out of the income of my property;" the sum of $500 to be paid to one Anna Cuthbert after the death of Anna L. Reed; the bequest to Anna L. Reed was made "a lien upon any and all real estate which I own or possess, excepting that property devised herein to Edith Agnes Allard." Lastly, the rest, residue and remainder of the property was devised and bequeathed to various persons. The executors named were given ' full power to sell and

convey real estate, to invest and reinvest any of my property." The first named legatee, Joseph Fitzgerald, brought this proceeding under the Surrogate's Court Act to compel payment of his legacy. The learned surrogate appointed appraisers of the real property of testatrix, and after a hearing and contest, without requiring a bond, granted a decree directing the sale of a certain parcel of real estate to enable the executors to pay legacies and debts.

The claim of the appellant, annuitant, Anna L. Reed, (coexecutor) which compels our attention, is that the payment of the annuity to her is an absolute charge upon all the real estate of which the testatrix died seized, and that the security thereby furnished cannot be impaired by the sale of any portion of the real property without her consent.

We discover in this will no manifest intent to convert the real estate into personalty. The authority given to the executors to sell real estate and to invest and reinvest indicates no such purpose. Such a direction is often contained in wills and cannot be construed here as anything more than a direction to perform such duties whenever the occasion therefor might legally arise. No general authority is conferred.

The statute permits a surrogate to direct the sale of real estate of a decedent to pay debts or for the payment of any legacy charged upon real estate. (Surrogate's Court Act, § 234.) But there is sufficient personal property in this estate to pay debts, and no legacy other than the annuity to Anna L. Reed is specifically charged in this will upon real estate.

The provision in the will for securing the payment of the annuity to Anna L. Reed is direct and clear; it is not made subordinate to any other provision and it is not qualified or rendered ambiguous by any other portion of the will; therefore, it forbids the sale directed by the decree appealed from. The evident intention of the testatrix must control. It cannot be thwarted or improved by construction.

The decree of the surrogate of Erie county should be reversed upon the law, and the petition dismissed, with costs to the appellant against the respondent Joseph Fitzgerald.

Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ. All concur.

Decree reversed on the law and petition dismissed, with costs to appellant against respondent Joseph Fitzgerald.